UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| TYLER-JAY STOESER-CALKINS, IN HIS NATURAL CAPACITY; AND AARON PRINCE, PRIVATE PROSECUTOR;<br><br>Plaintiffs,<br><br>vs.<br><br>M. BRIDGET MAYER, IN HER PERSONAL AND OFFICIAL CAPACITY; SOUTH DAKOTA UNIFIED JUDICIAL SYSTEM; SOUTH DAKOTA STATE BAR ASSCCIATION; EDWARD S. HRUSKA, III, IN HIS PERSONAL AND OFFICIAL CAPACITY; SAM STROMMEN, IN HIS PERSONAL AND OFFICIAL CAPACITY AND STEPHANIE TRASK, IN HER PERSONAL AND OFFICIAL CAPACITY;<br><br>Defendants. | 5:25-CV-05026-RAL<br><br><br><br>OPINION AND ORDER GRANTING MOTIONS TO DISMISS AND DENYING MOTIONS FOR PRELIMINARY INJUNCTION |
| TYLER-JAY STOESER-CALKINS, IN HIS NATURAL CAPACITY; AND AARON PRINCE, PRIVATE PROSECUTOR;<br><br>Plaintiffs,<br><br>vs.<br><br>CHRISTINA L. KLINGER, IN HER PERSONAL AND OFFICIAL CAPACITY; STEPHANIE MARSHALL, IN HER PERSONAL AND OFFICIAL CAPACITY; SOUTH DAKOTA UNIFIED JUDICAL SYSTEM; AND UNKNOWN CO-CONSPIRATORS, IN THEIR PERSONAL AND OFFICIAL CAPACITIES; | 5:25-CV-05027-RAL<br><br><br><br>OPINION AND ORDER GRANTING MOTIONS TO DISMISS AND DENYING MOTIONS FOR PRELIMINARY INJUNCTION |

| | |
|---|---|
| Defendants. | |
| TYLER-JAY STOESER-CALKINS, IN HIS NATURAL CAPACITY; AND AARON PRINCE, PRIVATE PROSECUTOR;<br><br>Plaintiffs,<br><br>vs.<br><br>DOUGLAS ABRAHAM, IN HIS PERSONAL AND OFFICIAL CAPACITY; MARGO NORTHRUP, IN HER PERSONAL AND OFFICIAL CAPACITY; LENNY STARKS, IN HIS PERSONAL AND OFFICIAL CAPACITY; CHRIS HATHAWAY, IN HIS PERSONAL AND OFFICIAL CAPACITY; FARM CREDIT SERVICES; SOUTH DAKOTA BAR ASSOCIATION; SOUTH DAKOTA UNIFIED JUDICIAL SYSTEM; AND UNKNOWN CO-CONSPIRATORS, IN THEIR PERSONAL AND OFFICIAL CAPACITIES;<br><br>Defendants. | 5:25-CV-05028-RAL<br><br><br>OPINION AND ORDER GRANTING MOTIONS TO DISMISS AND DENYING MOTIONS FOR PRELIMINARY INJUNCTION |

Plaintiffs Tyler-Jay Stoeser-Calkins and a non-member of the bar of the United States District Court for the District of South Dakota from Sarasota, Florida, calling himself a "private prosecutor" with the trademarked and copyrighted name of Aaron Prince (collectively "Plaintiffs") have filed the three above-captioned cases against certain state court judges, South Dakota lawyers, the State Bar of South Dakota and others (collectively "Defendants"). Defendants have filed motions to dismiss because they were not properly served and the time to serve them under Rule 4(m) of the Federal Rules of Civil Procedure has elapsed. 5:25-cv-05026-RAL Docs. 10, 11, 14, 20, 21; 5:25-cv-05027-RAL Docs. 11, 12; 5:25-cv-05028-RAL Docs. 23, 24, 33, 34. Recently in

each case, Plaintiffs have filed a Motion for Preliminary Injunction seeking this Court to strike down practice restrictions allowing Prince to represent Stoeser-Calkins and prevent Defendants from retaliating in ongoing state court proceedings. 5:25-cv-05026-RAL Doc. 30; 5:25-cv-05027-RAL Doc. 25; 5:25-cv-05028-RAL Doc. 40. For the reasons explained, this Court grants the motions to dismiss and denies as moot and on the merits the motions for preliminary injunction.

I.  **PROCEDURAL AND FACTUAL HISTORY**

Plaintiffs have filed the three above-captioned cases against Defendants. The central theme in each case is that this Court should enjoin a state prosecution against Stoeser-Calkins, enjoin state probate proceedings regarding the Estates of Robert C. Calkins and Barb Stoeser, strike down practice restrictions so that Prince can practice law in South Dakota despite not being a member of the South Dakota bar, and award monies to Plaintiffs. 5:25-cv-05026-RAL Doc. 1; 5:25-cv-05027-RAL Doc. 1; 5:25-cv-05028-RAL Doc. 1. Plaintiffs first filed an Emergency Verified Motion for Temporary Restraining Order and Equitable Injunction in each case, which sought an injunction preventing state court judges from continuing any state criminal or contempt charges against Stoeser-Calkins. 5:25-cv-05026-RAL Doc. 12; 5:25-cv-05027-RAL Doc. 13; 5:25-cv-05028-RAL Doc. 25. This Court denied the temporary restraining order. 5:25-cv-05026-RAL Doc. 15; 5:25-cv-05027-RAL Doc. 16; 5:25-cv-05028-RAL Doc. 29. This Court also noted Prince's violation of D.S.D. Civ. LR 83.2 and SDCL § 16-18-1 in purporting to represent Stoeser-Calkins before this Court in its Order. 5:25-cv-05026-RAL Doc. 15 at 3; 5:25-cv-05027-RAL Doc. 16 at 3; 5:25-cv-05028-RAL Doc. 29 at 3.

Plaintiffs now seek a preliminary injunction to (1) prevent Defendants from enforcing membership to the South Dakota Bar Association as a prerequisite to practice law in South Dakota; (2) declare that Defendants' conduct violates the Sherman Act, Clayton Act, and Federal Trade

Commission Act; (3) declare that Prince is able to represent Stoeser-Calkins; (4) prevent Defendants from retaliating in ongoing state court proceedings; and (5) dismantle the South Dakota Bar Association. 5:25-cv-05026-RAL Doc. 30 at 7–8; 5:25-cv-05027-RAL Doc. 25 at 7–8; 5:25-cv-05028-RAL Doc. 40 at 7–8. Plaintiffs however did not properly serve any of Defendants, instead sending the summonses and complaints by "Certified USPS." 5:25-cv-05026-RAL Doc. 9; 5:25-cv-05027-RAL Doc. 10; 5:25-cv-05028-RAL Doc. 22.

## II.  DISCUSSION AND ANALYSIS

### A. Dismissal for Lack of Service

Defendants filed motions to dismiss for insufficient service of process. Under Federal Rule of Civil Procedure 12(b)(5), a motion to dismiss may be granted in cases where the court finds that plaintiff's service of process is insufficient. "Federal Courts cannot exercise personal jurisdiction over a defendant without proper service of process." Young v. John Morrell & Co., No. CIV. 13-4118, 2014 WL 6612032, at *2 (D.S.D. Nov. 20, 2014) (citing Omni Capital Int'l, Ltd. v. Wolff & Co., 484 U.S. 97, 104 (1987)). Accordingly, "a district court has the power to dismiss a case for failure to comply with its rules." Id. (citing Marshall v. Warwick, 155 F.3d 1027, 1029 (8th Cir. 1998)).

Under Federal Rule of Civil Procedure 4(e), service may be accomplished by

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Under South Dakota law, service of process is not completed by mailing a copy of the summons and complaint to the other party. Richmond v. Anderson, No. 24-CV-4067, 2025 WL

815721, at *4 (D.S.D. Mar. 14, 2025); Rush v. Rush, 866 N.W.2d 556, 560 (S.D. 2015). "[I]f the defendant does not sign [and return] the admission of service within 20 days of mailing, the plaintiff must secure personal service." Richmond, 2025 WL 815721, at *4 (citation omitted) (alteration in original); see also SDCL § 15-6-4(i). "The practical effect of this requirement is that service is not perfected until the defendant signs the admission of service or is personally served." Rush, 866 N.W.2d at 560.

Plaintiffs' Complaints were filed on March 18, 2025. 5:25-cv-5026-RAL Doc. 1; 5:25-cv-5027-RAL Doc. 1; 5:25-cv-5028-RAL Doc. 1. Federal Rule of Civil Procedure 4(m) provides in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Under Rule 4(m), Plaintiffs were required to serve Defendants on or before June 16, 2025. Defendants were not personally served on or before June 16, 2025, or since. Plaintiffs are relying on certified mail to effectuate service. 5:25-cv-5026-RAL Doc. 9; 5:25-cv-5027-RAL Doc. 10; 5:25-cv-5028-RAL Doc. 22. As explained above, mailing the summons and complaint does not satisfy the requirements of service of process without the return of the admission of service under South Dakota law. Plaintiffs have not shown good cause for the failure to serve Defendants in a timely manner pursuant to rule 4(m). Since Plaintiffs have failed to properly serve Defendants under South Dakota law, Defendants' motions to dismiss are granted.

Even though this Court could dismiss this case and deny the motions for preliminary injunction as moot, Plaintiffs could re-file and properly serve Defendants to end up back at this point, and Plaintiffs likely have frustration that Defendants have enough notice of the suits to move

to dismiss yet were not properly served. Thus, this Court chooses to address in brief the motions for preliminary injunction.

### B. Preliminary Injunction Factors

Plaintiffs seek a preliminary injunction under Rule 65(a) of the Federal Rules of Civil Procedure. "A district court considering injunctive relief evaluates [1] the movant's likelihood of success on the merits, [2] the threat of irreparable harm to the movant, [3] the balance of the equities between the parties, and [4] whether an injunction is in the public interest." Powell v. Ryan, 855 F.3d 899, 902 (8th Cir. 2017) (citing Dataphase Sys., Inc. v. C L Sys., Inc., 640 F.2d 109, 114 (8th Cir. 1981) (en banc)). These four considerations are commonly known within the Eighth Circuit as the "Dataphase factors." "No single factor is dispositive, as the district court must balance all factors to determine whether the injunction should issue. However, in deciding whether to grant a preliminary injunction, likelihood of success on the merits is most significant." Turtle Island Foods, SPC v. Thompson, 992 F.3d 694, 699 (8th Cir. 2021) (cleaned up and citations omitted). "A preliminary injunction is an extraordinary remedy, and the burden of establishing" that such an injunction should enter rests with the moving party, here the Plaintiffs. Watkins Inc. v. Lewis, 346 F.3d 841, 844 (8th Cir. 2003) (citations omitted).

Plaintiffs cannot succeed on the merits of these cases because they failed to properly serve them and are beyond the time to do so under Rule 4(m) as explained above. Even if the complaints had been properly served, Plaintiffs still would not be entitled to a preliminary injunction.

The first and most significant Dataphase factor considers "the movant's likelihood of success on the merits." Powell, 855 F.3d at 902 (citing Dataphase Sys., 640 F.2d at 114). Plaintiffs assert different causes of action in each of the complaints filed in the three above-captioned cases. All these causes, however, appear to relate to ongoing state court proceedings. The complaint in

5:25-cv-05026-RAL has the following causes of action: (1) Violation of the First, Fifth and Fourteenth Amendments; (2) Sherman Antitrust Act Violations; (3) Conspiracy Against Rights; and (4) Deprivation of Right Under Color of Law. 5:25-cv-05026-RAL Doc. 1 at 3. The complaint in 5:25-cv-05027-RAL contains the following causes of action: (1) Violation of 42 U.S.C. § 1983; (2) Sherman Antitrust Act Violations; (3) RICO Violations; and (4) Conspiracy to Obstruct Justice. 5:25-cv-05027-RAL Doc. 1 at 3. The final complaint in 5:25-cv-05028-RAL alleges (1) Fraudulent Conveyance and Asset Theft; (2) Breach of Fiduciary Duty; (3) Racketeering and Financial Fraud; (4) Unjust Enrichment and Conversion; and (5) Wrongful Death. 5:25-cv-05028-RAL Doc. 1 at 2–3. Each complaint names judges and the judicial system, as well as attorneys and officials associated with the State Bar of South Dakota.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are unnecessary, the plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556), "even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely,'" Twombly, 550 U.S. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). Still, "conclusory statements" and "naked assertion[s] devoid of further factual enhancement" do not satisfy the plausibility standard. Iqbal, 556 U.S. at 678 (alteration in the original) (citation and internal quotation marks omitted).

In addition to satisfying the Rule 8 pleading standards above, fraud claims must also satisfy the heightened standards of Rule 9(b). "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "In other words, Rule 9(b) requires plaintiffs [alleging fraud] to plead the who, what, when, where, and how: the first paragraph of any newspaper story." Vang v. PNC Mortg., Inc., 517 F. App'x 523, 527 (8th Cir. 2013) (unpublished per curiam) (alteration in original) (quoting Summerhill v. Terminix, Inc., 637 F.3d 877, 880 (8th Cir. 2011)).

Plaintiffs do not adequately plead any of these causes of action. For example, the cause of action for Fraudulent Conveyance and Asset Theft is stated as: "Wrongdoers knowingly manipulated estate proceedings to transfer thousands of acres of land to fraudulent parties in violation of South Dakota law." 5:25-cv-05028-RAL Doc. 1 at 2 (emphasis omitted). The complaint does not explain how the estate proceedings were manipulated, who the fraudulent parties are that received the land, nor what South Dakota law was violated. Further, the Conspiracy Against Rights action is stated as: "Wrongdoers conspired to deprive Tyler Stoeser of his constitutional rights through fraud, coercion, and legal manipulation." Id. The complaint, however, does not specify what constitutional rights Stoeser-Calkins was deprived of, nor what acts constituted fraud, coercion, or legal manipulation on part of the Defendants. The fraud claims of course must be plead with particularity under Fed. R. Civ. P. 9(b), which is an even higher standard than the pleading standards under Fed. R. Civ. P. 8(a). Plaintiffs do not even meet the level of stating viable causes of action, let alone show a likelihood of success on the merits.

There are other impediments to succeeding on the merits of the various claims Plaintiffs make. The judges named appear to have judicial immunity. See Mireles v. Waco, 502 U.S. 9, 10 (1991) (per curiam) ("[I]t is a general principle of the highest importance to the proper

administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.") (citation omitted); Hamilton v. City of Hayti, 948 F.3d 921, 925 (8th Cir. 2020) (citing Stump v. Sparkman, 435 U.S. 349, 355–56 (1978)) ("Allegations of malice or corruption do not defeat judicial immunity."). The Rooker-Feldman doctrine bars Plaintiffs from appealing to this Court from state court decisions with which they disagree. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005) (holding the Rooker-Feldman doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments"); Prince v. Ark. Bd. of Exam'rs in Psych., 380 F.3d 337, 340 (8th Cir. 2004) (citing D.C. Ct. of Appeals v. Feldman, 460 U.S. 462, 482–83 (1983); Rooker v. Fid. Tr. Co., 263 U.S. 413, 415–16 (1923)) ("The Rooker-Feldman doctrine stands for the general principle that, with the exception of habeas corpus petitions, lower federal courts lack subject matter jurisdiction to review state court judicial decisions."). And as discussed below, the principle that only licensed attorneys can represent other litigants is well established.

The remaining Dataphase factors do not tip the balance toward Plaintiffs. On the second Dataphase factor, Plaintiffs do not face the threat of an irreparable harm. Stoeser-Calkins apparently is involved in litigation in state court where he can present his legal claims or appeal if he were to lose. Plaintiffs assert the "ongoing enforcement of a private BAR monopoly" will cause them immediate and irreparable harm. See 5:25-cv-05026-RAL Doc. 30 at 5. Plaintiffs do not assert any other facts to support the argument that they will face an irreparable harm. See id. Plaintiffs essentially request this Court to enjoin the State Bar of South Dakota to allow Prince to practice law in South Dakota despite not being a licensed attorney. Longstanding precedent

9

restricts pro se (non-attorney-represented) parties from "pursuing claims on behalf of others in a representative capacity." Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008) (citation omitted). And many courts have recognized the legality of state bar associations licensing members, particularly as here when authorized by state statute. See Lathrop v. Donohue, 367 U.S. 820, 843 (1961) ("We think that the Supreme Court of Wisconsin, in order to further the State's legitimate interests in raising the quality of professional services, may constitutionally require that the costs of improving the profession in this fashion should be shared by the subjects and beneficiaries of the regulatory program, the lawyers, . . . ."); Keller v. State Bar of Cal., 496 U.S. 1, 8–9 (1990) (quoting Lathrop, 367 U.S. at 849 (Harlan, J., concurring in judgment)) ("[T]he Hanson case . . . decided by a unanimous Court, surely lays at rest all doubt that a State may constitutionally condition the right to practice law upon membership in an integrated bar association . . . ."). Stoeser-Calkins does not face any cognizable injury by not having Prince represent him. Stoeser-Calkins can proceed pro se or hire one of the many attorneys who are licensed to practice in the State of South Dakota.

The balance of the harms favors Defendants. As stated above, Plaintiffs do not state claims, and Defendants being forced to defend against complaints not properly served and allegations that appear not to state viable claims exposes them to some harm.

The public interest favors Defendants. The preliminary injunction that Plaintiffs request would effectively undermine the South Dakota Bar Association and largely eliminate the prohibition on unauthorized practice of law in South Dakota. South Dakota has a compelling state interest in maintaining the integrity of its legal profession and assuring that those practicing law in South Dakota are licensed attorneys. See Lathrop, 367 U.S. at 843. The South Dakota Bar Association plays an essential role in ensuring attorney competence, regulating professional

conduct, and protecting the public from unqualified practitioners. Granting the preliminary injunction would jeopardize these functions and the integrity of the system. The public interest therefore weighs heavily against the requested injunction.

### III.   CONCLUSION AND ORDER

For the reasons explained above, it is

ORDERED that the Defendants' motions to dismiss—Docs. 10, 14, and 20 in 5:25-cv-05026-RAL; Doc. 11 in 5:25-cv-05027-RAL; and Docs. 23 and 33 in 5:25-cv-05028-RAL—are granted. It is further

ORDERED that the Plaintiffs' motions for preliminary injunction filed in each case—Doc. 30 in 5:25-cv-05026-RAL; Doc. 25 in 5:25-cv-05027-RAL; and Doc. 40 in 5:25-cv-05028-RAL—are all denied both as moot and on their merits.

DATED this 10th day of September, 2025.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE